UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
EMIRATES TRADING AGENCY LLC,         :
                                                                  :     09 Civ. 676 (BSJ)
                              Plaintiff,            :
                                                                  :     ECF CASE
      - against -                                       :
                                                                  :
GRAND MIRISNIDI INC., STAMFORD :
NAVIGATION INC., and MONARCH   :
MARITIME S.A. a.k.a. MONARCH I     :
MARITIME,                                          :
                                                                  :
                              Defendants.      :
-------------------------------------------------------X

## DECLARATION OF NANCY R. SIEGEL IN SUPPORT OF MOTION TO VACATE MARITIME ATTACHMENT AND/OR DISMISS COMPLAINT

Nancy R. Siegel declares under penalty of perjury of the laws of the United States of America as follows:

1. I am an attorney with the firm, Lennon, Murphy & Lennon, counsel for the Defendant herein, Monarch I Maritime S.A. ("Monarch") and I make this declaration based upon my own personal knowledge, information supplied to me by Monarch and upon documents that I believe to be true and accurate.

2. I submit this Declaration in support of Monarch's Motion to Vacate the Maritime Attachment and/or Dismiss the Complaint filed and/or issued against it on behalf of Plaintiff, Emirates Trading Agency LLC ("Plaintiff") in the Southern District of New York.

3. Pursuant to an Ex Parte Order and accompanying Process of Maritime Attachment and Garnishment issued against the Defendant Grand Mirsinidi Inc. ("Grand Mirsinidi") dated January 26, 2009, Plaintiff wrongfully attached Monarch's funds on or about May 20, 2009 in the approximate amount of $2,405,196.49.

4. Monarch requested that the funds be released.

5. Plaintiff refused although it could provide no basis for attaching the funds in question. Only after Monarch challenged the attachment of its funds did Plaintiff claim that Grand Mirsinidi had a property interest in them by virtue of a lien.

6. There was hearing held on Monarch's motion to vacate the attachment dated January 26, 2009 before the Court on June 2, 2009. At the hearing, I made a (limited) appearance on behalf of Monarch and argued its case.

7. Plaintiff could provide no proof of the existence of the lien, and thus the attachment was properly vacated on June 15, 2009.

8. Plaintiff indicated at the hearing on June 2, 2009 that it was considering adding Monarch and Stamford as alter-egos to the action.

9. I objected and stated that Monarch was registered to do business in New York and thus, present in the District for Rule B purposes and therefore immune from Rule B attachment.

10. Despite its clear knowledge that Monarch was registered to do business in New York, Plaintiff filed an Amended Complaint on June 16, 2009, adding Monarch and Stamford as Defendants for the first time, and requesting that an Amended Ex Parte Order for Process of Maritime Attachment and Garnishment issue against Grand Mirsinidi, Monarch and Stamford.

11. Neither Monarch nor Monarch's counsel were served with copies of the Amended Complaint or with copies of the proposed Amended Ex Parte Order despite the fact that Monarch's funds were still attached in New York and that Monarch appeared through counsel at the hearing on June 2, 2009.

12. I was in communication with Plaintiff's counsel after the June 2nd hearing in relation to the timing of the release of the previously attached funds.

13. In fact, I requested from Plaintiff's counsel on June 12, 2009 copies of the Ex Parte Orders and Writs issued in this matter.

14. When responding on June 17, 2009, ***after*** the Amended Complaint was filed, Plaintiff's counsel provided copies of the Ex Parte Order and Writs issued against Grand Mirsinidi only and failed to provide copies of the Amended Compalint or the draft Amended Ex Parte Order submitted to your Honor.

15. The Amended Complaint was not available for review on the docket or in Court records as late as June 23, 2009.

16. Pursuant to the Amended Ex Parte Order of Attachment and accompanying Writ of Maritime Attachment issued on or about June 19, 2009, Plaintiff indicates that garnishees HSBC and American Express Bank have restrained Monarch's property in the amounts of $2,405,196.49 and $196,981.23 respectively.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Dated: Southport, CT
   June 25, 2009

Nancy R. Siegel