**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------- X
:
EMIRATES TRADING AGENCY LLC, :
:
Plaintiff, :
v. :   09 Civ. 676 (BSJ)
:   **Order**
GRAND MIRSINIDI INC., STAMFORD :
NAVIGATION INC., and MONARCH :
MARITIME S.A. a.k.a. MONARCH I :
MARITIME, :
:
Defendants. :
:
-------------------------------------X

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

  Before the Court is the Motion of Defendant Monarch I Maritime S.A. ("Monarch") to Vacate the Amended Order for Process of Maritime Attachment dated June 18, 2009 obtained by Plaintiff, Emirates Trading Agency LLC ("Plaintiff"), and Dismiss the Amended Complaint.  For the reasons set forth below, Monarch's Motion is GRANTED.

### BACKGROUND[1]

  On January 23, 2009, Plaintiff commenced this action against Defendant Grand Mirsinidi Inc. ("Grand Mirsinidi"), and on January 26, 2009 the Court issued an Ex Parte Order for the Process of Maritime Attachment against Grand Mirsinidi. Pursuant to that Order, Plaintiff attached funds in the amount

---

[1] The facts of this case are more fully set forth in the Court's Order dated June 15, 2009, familiarity with which is presumed.

of approximately $2,405,196.49. (Order Dated June 15, 2009 at 2.) Those funds represented a payment from non-party Noble Chartering Inc. ("Noble") to then-non-party Monarch. (Order Dated June 15, 2009 at 2.) On or about May 26, 2009, Monarch moved to release the attached funds on the ground that Defendant Grand Mirsinidi had no property interest in those monies. The Court held a hearing on Monarch's motion and, on June 15, 2009, issued an Order granting Monarch's request. (Order Dated June 15, 2009.) Subsequent to the issuance of that Order, Plaintiff filed an Amended Complaint adding Monarch and Stamford Navigation Inc. ("Stamford") as Defendants on the ground that they are alter egos of each other and Defendant Grand Mirsinidi, and requesting that the Court issue an Amended Ex Parte Order for Process of Maritime Attachment and Garnishment against Grand Mirsinidi, Monarch, and Stamford. On or about June 18, 2009, the Court issued Plaintiff's requested Amended Ex Parte Order. As a result of that Amended Order, the $2,405,196.49 that was ordered released pursuant to the Court's Order of June 15, 2009 has been reattached and additional funds of Monarch in the amount of $196,981.23 have been restrained. (Siegel Decl. ¶ 16.)

**LEGAL STANDARD**

Supplemental Admiralty Rule E(4)(f) provides, in relevant part, that "[w]henever property is arrested or attached, any

person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." Fed. R. Civ. P. Supp. R. (E)(4)(f). At a Rule E(4)(f) hearing, the burden is on the Plaintiff to demonstrate that the attachment should be maintained. Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 445 n.5 (2d Cir. 2006). To meet this burden, a plaintiff must demonstrate that: (1) it has a valid prima facie admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment. Aqua Stoli, 460 F.3d at 445. With respect to the instant motion, the only issue before the Court is whether Defendant Monarch can be "found within the district."

## DISCUSSION

A Rule B attachment cannot be sustained unless the plaintiff carries its burden of demonstrating that the defendant cannot be "found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed." Fed. R. Civ. P. Supp. R. B(1)(a). The Second Circuit has explicitly held that a company registered to do business in New York with the New York Department of State is

considered to be "found" within the district for purposes of Rule B analysis. See STX Panocean (UK) Co., Ltd. v. Glory Wealth Shipping Pte Ltd., 560 F.3d 127, 130 (2d Cir. 2009). In this case, Monarch had not registered to do business in New York at the time the original Complaint was filed, but Monarch had so registered by the time the Amended Complaint was filed. (See Pl.'s Am. Aff. in Support of Prayer for Maritime Attachment, Ex 1.) Thus, while it is likely that Monarch was not found within the district at the time of filing of the initial Complaint, it is certain that Monarch was found within the district at the time of filing of the Amended Complaint. The question before the Court is, therefore, whether the controlling date for the purposes of Rule B analysis is the date upon which the original Complaint was filed or the date upon which the Amended Complaint was filed.

Plaintiff concedes that if Monarch and Defendant Grand Mirsinidi were separate entities, Monarch's presence in the district should be determined as of the date that the Amended Complaint was filed — the date Monarch became part of the instant action. (Pl.'s Mem. L. in Opp'n at 7.) Plaintiff argues, however, that because it has alleged that Monarch and Grand Mirsinidi are alter egos, the relevant date to assess whether Monarch can be "found in the district" is the date on which the original Complaint was filed against Grand Mirsinidi.

4

Plaintiff offers two primary arguments in support of this theory: (1) that as an alleged alter ego Monarch's presence in the district is tied to the presence of Defendant Grand Mirsinidi, and (2) that under Federal Rule of Civil Procedure 15 Plaintiff's amendment of its pleading relates back to the date of filing of its original pleading.  The Court finds both of these arguments to be unavailing.

Plaintiff first argues that because Grand Mirsinidi cannot be found within the district Monarch — Grand Mirsinidi's alleged alter ego — also cannot be found.  It is true that courts have found that "if a defendant's alter ego can be found in this District for jurisdictional purposes, then the defendant is also deemed to be found."  Nanyuan Shipping Co. Ltd. v. Marimed Agencies U.K., 595 F. Supp. 2d 314, 318 n.4 (S.D.N.Y. 2009); see Transfield ER Cape Ltd. v. Indus. Carriers Inc., 08 Civ. 9064 (NRB), 2009 U.S. Dist. LEXIS 33045, at *2 (S.D.N.Y. Apr. 17, 2009); Glory Wealth Shipping PTE, Ltd. v. Indus. Carriers, Inc., 08 Civ. 8425 (RJH), 590 F. Supp. 2d 562, 564 (S.D.N.Y. Dec. 16, 2008).  Plaintiff, however, argues for the inverse of this position — that because a defendant cannot be found in this district, its alleged alter egos similarly cannot be found here.  This position is entirely unsupported by the case law.  Although courts have imputed presence in this district across companies with an alleged alter ego relationship, Plaintiff has provided

5

the Court with no indication that courts may similarly impute lack of presence across alleged alter egos. Indeed, based on the case law, it appears to the Court that, if anything, the alleged alter ego relationship between Monarch and Grand Mirsinidi potentially renders Grand Mirsinidi found in the district rather than rendering Monarch not found in the district. Accordingly, the Court finds Plaintiff's first argument unavailing.

Assuming without deciding that Federal Rule of Civil Procedure 15 is even applicable to this situation, the Court finds that Plaintiff's argument based on Rule 15 similarly lacks merit. Under Rule 15, "[t]here are . . . three requirements that must be met before an amended complaint that names a new party can be deemed to relate back to the original timely complaint. First, both complaints must arise out of the same conduct, transaction, or occurrence. Second, the additional defendant must have been omitted from the original complaint by mistake. Third, the additional defendant must not be prejudiced by the delay." VKK Corp. v. Nat'l Football League, 244 F.3d 114, 128 (2d Cir. 2001). In this case, it is clear that Plaintiff's Amended Complaint does not relate back to the filing of its initial Complaint because (1) Plaintiff's failure to name Monarch as a defendant in the original Complaint was not due to mistake, and (2) Monarch has been prejudiced by Plaintiff's

delay. That Monarch was not omitted to by mistake is made clear by the statements of Plaintiff's counsel at the June 2, 2009 hearing before the Court. At that hearing, Plaintiff's counsel did not contend that Monarch was mistakenly omitted from the initial Complaint, but rather informed the Court of the opposite — that counsel was uncertain if Monarch should be a party to the action based on an alleged alter ego relationship and that counsel needed to conduct further investigations before determining if Monarch should be added as a Defendant. (Tr. at 12-13.) It is similarly clear that Monarch has been prejudiced by Plaintiff's delay. Since the filing of Plaintiff's initial Complaint, Monarch has registered to do business in New York. In so doing, Monarch has made the decision that it would rather subject itself to jurisdiction in this district than remain subject to the attachment remedy. Contrary to Plaintiff's assertions, by registering with the New York Department of State Monarch is not attempting to defraud its creditors. Indeed, now that Monarch has consented to general jurisdiction in New York, there are "any number of means to prosecute a civil claim and, upon receiving judgment, collect on that claim" against it. STX Panocean, 560 F.3d at 133. Thus, the Court finds that allowing Plaintiff to circumvent Monarch's business decision to consent to general jurisdiction instead of having courts obtain jurisdiction over it by virtue of the attachment of its property

7

pursuant to Rule B would result in prejudice. Accordingly, the Court finds Plaintiff's argument based on Rule 15 to be without merit.

The Court is thus not persuaded by either of Plaintiff's arguments that Monarch's alleged alter ego relationship with Grand Mirsinidi renders the date of filing of the original Complaint the date upon which Monarch's presence in the district should be assessed. Accordingly, the Court finds that the date upon which the Amended Complaint was filed is the appropriate date to use to determine if Monarch is "found within the district." On that date Monarch was registered with the New York Department of State to do business in New York and was, therefore, "found" here under Rule B. Accordingly, the Order for the Process of Maritime Attachment issued by the Court on June 19, 2009 cannot be sustained as to Monarch.

## CONCLUSION

For the reasons set forth above, Monarch's Motion to Vacate the Maritime Attachment dated June 19, 2009 and Dismiss the Amended Complaint as to Monarch is GRANTED.

SO ORDERED:

                                _____
                                BARBARA S. JONES
                                UNITED STATES DISTRICT JUDGE

Dated:     New York, New York
              July ___, 2009